IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO I.R.H.H. AND Z.A.H.H.,
MINORS.

KATRINA H.,
Appellant,
vs.
STATE OF NEVADA DEPARTMENT
OF FAMILY SERVICES; I.R.H.H.; AND
Z.A.H.H., MINORS.
Respondents.

No. 77969

FILED

JAN 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order terminating appellant's parental rights.[1] Eighth Judicial District Court, Family Court Division, Clark County; Robert Teuton, Judge.

To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the child's best interest. NRS 128.105(1); *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). On appeal, this court reviews questions of law de novo and the district court's factual findings for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev. 914, 918, 337 P.3d 758, 761 (2014). Substantial evidence is that which "a reasonable person may accept as adequate" to

---

[1]NRS 432B.5906 provides that an order terminating parental rights entered in an NRS 432B proceeding is appealable. Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted. The father's parental rights have also been terminated and are not at issue in this appeal.

20-03290

support a conclusion. *Ellis v. Carucci*, 123 Nev. 145, 149, 161 P.3d 239, 242 (2007).

Appellant first argues that she received ineffective assistance of counsel because her trial attorney failed to subpoena witnesses or present evidence on her behalf. But a party has no absolute constitutional right to counsel in parental rights termination proceedings and due process did not demand the appointment of counsel in this case because the case was not complex, it did not involve expert testimony, and there is no evidence that appellant could not otherwise represent herself. *See In re Parental Rights as to N.D.O.*, 121 Nev. 379, 382-84, 115 P.3d 223, 225-27 (2005); *see also* NRS 128.100(3) (providing that a district court may, but is not required to, appoint counsel to represent an indigent parent in termination proceedings). Nevertheless, the record reveals that the district court appointed counsel who zealously advocated on appellant's behalf. For these reasons, appellant's claim of ineffective assistance of counsel fails and is not a basis for reversal.

Additionally, substantial evidence supports the district court's findings. As to the lack of parental adjustment, although appellant engaged in individual counseling and attended parenting classes, the record demonstrates that appellant did not make sufficient progress regarding her anger management and impulse control issues to alleviate concerns for the children's safety. *See* NRS 128.109(1)(b) (providing a presumption of failure of parental adjustment when a parent fails to substantially comply with the terms of a case plan to reunite the family within six months of the plan being commenced); NRS 128.0126 (explaining that "[f]ailure of parental adjustment occurs when a parent or parents are unable or unwilling within

SUPREME COURT
OF
NEVADA

(O) 1947A

a reasonable time" to substantially correct the conduct that led to the child being placed outside of the home).

The record also contains substantial evidence that the children resided outside of appellant's home for 14 out of 20 consecutive months, leading to a presumption that appellant only made token efforts to care for the children. See NRS 128.109(1)(a). Appellant did not rebut this presumption. And, even without considering this presumption, the record supports the court's finding that appellant only engaged in token efforts to avoid being an unfit parent. See NRS 128.105(1)(b)(6) (addressing token efforts). Throughout the entirety of her case, appellant demonstrated an unwillingness or inability to control her behavior or to ensure the children are having their physical and emotional well-being needs met.

We further conclude that substantial evidence supports the district court's finding that termination of appellant's parental rights was in the children's best interest. See NRS 128.105(1) ("The primary consideration in any [termination proceeding is] whether the best interests of the child will be served by the termination."). Appellant did not rebut the presumption that termination of her parental rights was in the children's best interest as they have been out of her care for more than 14 consecutive months. See NRS 128.109(2). Substantial evidence also supports the district court's finding that, regardless of the presumption, termination of appellant's parental rights was in the children's best interests as they have bonded with their foster family and their health and behaviors have improved. See NRS 128.107 (providing considerations for the district court in determining whether to terminate parental rights when the parent does not have physical custody of the child); NRS 128.108 (outlining considerations for the district court when the child has been with a foster

family that is seeking to adopt the child). We have considered appellant's remaining arguments and conclude that they are neither supported by the record, nor do they provide a basis for reversal.[2] Based on the foregoing, we ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Pickering

_____, J.
Gibbons

_____, Sr. J.
Douglas

cc:    Hon. Robert Teuton, District Judge, Family Court Division
Katrina H.
Clark County District Attorney/Juvenile Division
Holley, Driggs, Walch, Fine, Puzey, Stein, Thompson/Las Vegas
Eighth District Court Clerk

---

[2]We decline to address appellant's safety concerns regarding I.R.H.H. and Z.A.H.H.'s current placement because, as her parental rights to I.R.H.H. and Z.A.H.H. have been terminated, she lacks standing to challenge their placement. *See In re Parental Rights as to T.L.*, 133 Nev. 790, 793-94, 406 P.3d 494, 497-98 (2017). To the extent that appellant raises concerns regarding A.H., any decision regarding A.H. is not currently before this court.

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.